ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

SEP 1 5 2006

CLERK, U.S. DISTRICT COURT

By _____ NB

Deputy

| | | |
|---|---|---|
| **TYLER TECHNOLOGIES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.**   4183 |
| | § | |
| **VIRTUAL IMPACT PRODUCTIONS, INC.,** | § | **3-06CV1693-P** |
| | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Tyler Technologies, Inc. ("Tyler") files this Original Complaint against Defendant, Virtual Impact Productions, Inc. ("VIP"), and for its causes of action would show the Court the matters set forth below.

### The Parties

1.      Tyler is a corporation formed under the laws of the State of Delaware, with its principal place of business located at 5949 Sherry Lane, Suite 1400, Dallas, Texas 75225.

2.      VIP is a Florida corporation having a principal place of business at 607 St. Andrews Drive, Sarasota, Florida 34243.

### Jurisdiction and Venue

3.      This case is an action for declaratory judgment pursuant to Title 28, United States Code, § § 2201-2202 and Title 35, United States Code, § 101 *et seq.*, as to non-infringement of alleged patent rights and an action for declaratory judgment for related state law causes of action, some of which necessarily depend on resolution of a substantial question of federal patent law. In addition, the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000.00, exclusive of interests and costs, and is between

citizens of different States.   In sum, the Court has subject matter jurisdiction pursuant to 28

U.S.C. § § 1331, 1332, 1338, 2201, and, to the extent necessary, 1367.

4.      Venue is proper within this judicial district and division under 28 U.S.C. § 1391

because a substantial part of the events or omissions giving rise to the claim occurred in Dallas

County.

### Background Facts

5.      Tyler designs, develops and markets software products for use by local

governments.

6.      Tyler received a letter from VIP dated September 7, 2006.   A true and correct

copy of the September 7, 2006 letter is attached hereto as Exhibit "A" and is incorporated herein

by reference for all purposes.

7.      In the letter, VIP accuses Tyler of infringing its patent for a "virtual school

environment" by "aggressively marketing the proprietary technology Virtual."  Exhibit A at 1.

VIP states that it is the owner of U.S. Patent No. 6,505,031 (the "'031 Patent").  *Id.*

8.      VIP further asserts that "Tyler has severely damaged the patent of Virtual"

through Tyler's application of the virtual school environment "as is protected in United States

Patent **6,505,031**."  Exhibit A at 2 (emphasis in original).  VIP alleges that it "is damaged

because it cannot exclusively market its patent."  *Id.*  VIP also states that it will suffer "negative

tax consequences in the loss of exclusivity of the patent to Virtual."  *Id.*

### Request For Declaratory Judgment

9.      By virtue of VIP's actions, including threats of litigation, accusations of

infringement, and allegations of damages suffered, a reasonable apprehension exists on Tyler's

behalf that Tyler will be wrongfully sued by VIP for infringement of the '031 Patent.  An actual

controversy therefore exists between the parties with respect to whether Tyler's actions, if any, infringe any valid claim of the '031 Patent.

10.    Tyler requests a declaration that its actions do not infringe the '031 Patent.

11.    By virtue of VIP's actions, including threats of litigation, accusations of unspecified contract and/or tort violations, and allegations of damages suffered, a reasonable apprehension exists on Tyler's behalf that Tyler will be wrongfully sued by VIP.  An actual controversy therefore exists between the parties.

12.    Tyler requests a declaration that it has not damaged VIP by any state law cause of action.

**Prayer**

**WHEREFORE**, Tyler prays:

(a)    that the Court declare that Tyler's actions do not infringe the '031 Patent;

(b)    that the Court declare that Tyler's actions do not support any state law causes of action by VIP based in tort and/or contract;

(c)    that Tyler be awarded its costs of court;

(d)    that Tyler be awarded its attorneys' fees; and

(e)    that Tyler be awarded its such other and further relief as this Court shall deem just and proper.

Respectfully submitted,

HUGHES & LUCE, L.L.P.

_Megan K. Dredla_

John W. Patton
Texas Bar No. 00798422
Megan K. Dredla
Texas Bar No. 24050530
1717 Main Street, Suite 2800
Dallas, Texas 75201
(214) 939-5500  (Office)
(214) 939-6100  (Fax)
pattonj@hughesluce.com
megan.dredla@hughesluce.com

**ATTORNEYS FOR PLAINTIFF TYLER
TECHNOLOGIES, INC.**

955700.01954:991452.01

*Charles R. Holloman, P.A.*
*Attorney and Counselor at Law*
3610 S.E. FORT KING STREET
OCALA, FLORIDA 34470

TELEPHONE (352) 867-0766
FAX (352) 351-9217

ALSO ADMITTED IN NORTH CAROLINA
FLORIDA BOARD CERTIFIED CRIMINAL TRIAL ATTORNEY

September 7, 2006

**FEDERAL EXPRESS AND**
**CERTIFIED MAIL RETURN**
**RECEIPT REQUESTED**

John S. Marr, Jr.
President and CEO
Tyler Technologies, Inc.
5949 Sherry Lane
Suite 1400
Dallas, TX 75225

Dear Mr. Marr:

This firm represents the interests of Virtual Impact Productions, Inc., Michelle Robinson and Robert Slider (herein collectively referenced as "Virtual"), in the sale of its United States Patent **6,505,031,** a system for providing a "virtual school environment". Of course, this term need not be defined in that Tyler Technologies, Inc., (herein "Tyler") knows precisely the meaning and application of this term.

Virtual was deeply concerned and dismayed to learn from the firm brokering the sale of the referenced exclusive patent, that Virtual Impact Productions, Inc., is not only listed as a partner with Tyler upon the website of Tyler, but that Tyler is aggressively marketing the proprietary technology Virtual. An immediate investigation was launched and has revealed this "partnership" has no basis in law or fact. No one from Virtual has made any such agreement or alliance much less had any contact with your company. By what right, license, title, or interest does Tyler advertise such claim to the stockholders, governmental entities, and other institutions? This representation is false and is the corporate fingerprint of Tyler's long trail of misdeeds which continue to damage the interests of Virtual.

Tyler acquired Mazik USA, a company which attempted but failed to come to any agreement with Virtual regarding the purchase or the use in any way shape or form of the patent of Virtual. Notwithstanding their warranties in the 8-K, Mazik USA could not sell



**EXHIBIT**
tabbies
A

to Tyler that which it did not possess.  In short, even the most cursory review of the facts surrounding Tyler's application of the "virtual school environment" clearly establishes that Tyler has severely damaged the patent of Virtual.  Tyler has "virtually hijacked" the virtual school environment of Virtual and its interest as is protected in United States Patent **6,505,031**.  There is no excuse as to why this situation could not have been totally avoided had due diligence been exercised before acquiring Mazik USA.  What could be more transparent than the evidentiary fact that your website contains a link to the patent of  Virtual?  Who is responsible for such a debacle that is daily damaging the interests of Virtual?

Virtual is damaged because it cannot exclusively market its patent and cannot fulfill its legal obligations to the firm brokering the patent. This fails to even take into account the negative tax consequences in the loss of exclusivity of the patent to Virtual. Tyler has at best been negligent in its due diligence which is the direct and proximate cause of the mounting damages to Virtual.  This calls for the immediate attention of Tyler if it expects to avoid dire consequences.

Virtual demands that Tyler contact this law firm within three (3) business days of the receipt of this letter and coordinate a meeting to discuss and resolve our mutual concerns. Should you fail to contact this office, Virtual will exercise any legal, administrative, or regulatory option in order to redress this outrage.

I trust our position upon this matter is clear.


Sincerely

Charles R. Holloman, PA


cc:     Glenn A. Smith
        Executive Vice President
        Tyler Technologies, Inc.
        5949 Sherry Lane
        Suite 1400
        Dallas, TX 75225

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil ~~cover~~ sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules ~~of court~~. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. | (a) | PLAINTIFFS | DEFENDANTS |
|---|---|---|---|
| | | TYLER TECHNOLOGIES, INC. | VIRTUAL IMPACT PRODUCTIONS, INC |

(b) County of Residence of First Listed Plaintiff  Dallas County, Texas
    (EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
    (IN U S PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED
SEP 1 5 2006
CLERK, U S DISTRICT COURT
NORTHERN DISTRICT

(c) Attorney's (Firm Name, Address, and Telephone Number)
JOHN W. PATTON, MEGAN K. DREDLA
Hughes & Luce, LLP
1717 Main Street, Suite 2800, Dallas, TX 75201
(214) 939-5500

Attorneys (If Known)

**3-06CV1693-P**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U S Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U S Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Emp Ret Inc Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities- Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities- Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 2201-2202 and 35 U.S.C. § 101, et seq.

Brief description of cause:
Declaratory judgment as to non-infringement of alleged patent rights and a declaratory judgment for related state law causes of action that necessarily depend on resolution of a substantial question of federal patent law and arise under patent law

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Declaratory relief plus attorney's fees and costs.

CHECK YES only if demanded in complaint:
JURY DEMAND ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)  JUDGE _____  DOCKET NUMBER _____

DATE
09/15/06

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

955700.01954:991649.01