IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TYLER TECHNOLOGIES, INC.,

    Plaintiff,

v.

VIRTUAL IMPACT PRODUCTIONS, INC.,

    Defendant.

CIVIL ACTION NO.

3:CV-06-1693-P

## SCHEDULING ORDER
**TRIAL DATE: November 5, 2007, 9:00 am.**
**PRETRIAL CONFERENCE DATE: October 19, 2007, 10:00 am.**

The Court having reveiwed the parties' Joint Proposal for Contents of Scheduling and Discovery Order filed on December 5, 2006 establishes the following schedule for disposition of this case:

1) This case is scheduled for NON-JURY TRIAL on this Court's two-week docket beginning **November 5, 2007 at 9:00 am**.

2) A Pretrial Conference is scheduled for **October 19, 2007, at 10:00 am**.

3) Counsel shall comply with Fed. R. Civ. P. 26(a)(1) no later than **February 9, 2007**;

4) Motions for leave to join additional parties shall be filed by **February 1, 2007**;

5) Motions for leave to amend pleadings shall be filed by **March 1, 2007**;

6) The party with the burden of proof on a claim shall file a designation of expert witnesses and comply with Rule 26(a)(2) no later than **April 2, 2007**;

7) Rebuttal designation of expert witnesses and compliance with Rule 26(a)(2) shall be made no later than **May 2, 2007**;

8) All discovery procedures shall be initiated in time to complete discovery by **July 2, 2007**;

9) Counsel are directed to confer and file with the Court by **July 16, 2007**, a joint report setting forth the status of settlement negotiations;

10) All dispositive motions, including motions for summary judgment on all or some of the claims, Daubert motions, and motions to exclude or objections to expert witnesses, shall be filed by **August 2, 2007**;

11) Counsel shall file by **October 12, 2007**, a Joint Pretrial Order containing the information required by Local Rule 16.4 plus the following:

   (a) A list of witnesses who may be called by each party in its case in chief. Each such witness list shall contain a narrative summary of the testimony to be elicited from each witness, shall state whether the witness has been deposed, and whether the witness' testimony at trial is "probable," "possible," "expert," or "record custodian." A copy of this list must be furnished to the court reporter <u>prior</u> to trial.

   (b) Each party's proposed findings of fact and conclusions of law (annotated).

   (c) A report as to settlement negotiations and the status thereof as of the date of the Pretrial Order.

   (d) Trial briefs may be filed with the Pretrial Order, but are not required unless specifically requested by the Court.

   The Joint Pretrial Order will control all subsequent proceedings in the case.

12) The actions required by Local Rule 26.2 shall be accomplished by **October 24, 2007**. (NOTE: This does include furnishing copies of marked exhibits to the Court). **PLEASE NOTE**: All exhibits are to be placed in a three-ring binder(s). Label the notebook(s) with the proper case style; case number; and whether exhibits are plaintiff(s) or defendant(s). The first page of the notebook(s) should have the case style; case number; and "Plaintiff(s)/Defendant(s) Exhibit Notebook." The next page should be the Exhibit(s) Index. Each exhibit should be tabbed for ease of locating the exhibit. Special exhibit labels are not necessary. You may use the standard plaintiff and defendant labels. In a jury trial, provide one set of exhibits for the judge. In a bench trial, provide one set of exhibits for the judge and one set of exhibits for the law clerk. Have exhibits delivered to chambers. The Court does not accept the original exhibits prior to trial. The original exhibits are retained by counsel and shall be admitted into the official record throughout the trial. It is the duty of counsel to care for the original exhibits <u>before and after</u> trial. A receipt for exhibit form will be given to counsel after the trial, indicating that the original exhibits have been taken back into the custody of each counsel. Said receipt for exhibit form will be filed with the District Clerk and will become part of the official record in the case. It will be the responsibility of each counsel to forward to the Court of Appeals any exhibits deemed necessary for appeal. **All questions regarding exhibits should be directed to the Court Reporter at 214/753-2349**.

13) Objections to witnesses (except expert witnesses), exhibits, and deposition designations, and motions in limine shall be filed by **October 29, 2007**.

Counsel must confer about exhibits and make reasonable efforts to agree upon

admissibility.

**Any requests for extensions of these deadlines will be viewed with disfavor and will be denied, absent a showing of good cause.**

The Court will determine the order in which the cases will be tried on this two-week docket at the pretrial conference. Counsel and the parties shall be ready for trial on 48 hours notice at any time during this two-week period.

**IT IS SO ORDERED.**

Signed December 12, 2006.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE