UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYLER TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-06-cv-1693-P |
| | § | ECF |
| VIRTUAL IMPACT PRODUCTIONS, INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S MOTION FOR LEAVE TO
## AMEND ITS COMPLAINT AND TO ADD PARTIES

Tyler Technologies, Inc. seeks leave to amend its Complaint to add two members of Virtual Impact Productions, Inc.'s ("VIP") Board of Directors because VIP has misled Tyler and this Court regarding ownership of the patent at issue.

### INTRODUCTION

In its Complaint, Tyler seeks a declaration that its actions do not infringe U.S. Patent No. 6,505,031 (the "'031 Patent"). Until just days ago, VIP represented to Tyler and this Court that it is the owner of the '031 Patent.

VIP now claims that two of its three board members control the patent at issue. This claim contradicts VIP's Answer and statements made by VIP and its counsel before and during this proceeding. Whether VIP's misrepresentations were the result of an intent to mislead or negligence will be the subject of future discovery. However, there are reasons to suspect VIP's change of position is disingenuous.

Nonetheless, because VIP now identifies two individuals as the alleged owners of the patent, Tyler seeks to add those parties to this suit. To do so, Tyler requests leave of Court since

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND**
**ITS COMPLAINT AND TO ADD PARTIES—Page 1 of 8**

VIP did not provide notice of the allegedly erroneous admission in its Answer until months after the Court's deadlines to amend pleadings and to add parties.

## RELEVANT BACKGROUND

In a September 2006 letter, VIP accused Tyler of infringing its patent for a "virtual school environment."[1]   Pl's Compl. at ¶ 7.  VIP admits this accusation.  Def's Ans. at ¶7.  VIP further alleged (and admitted) that it was the owner of the '031 Patent.  Pl's Compl. at ¶ 7; Def's Ans. at ¶7.  The claims and accusations of VIP caused Tyler to file this suit and seek declaratory relief.

On November 15, 2006, Robert Slider, an officer and/or director of VIP, traveled to Dallas and, with VIP attorneys Manuel Montez and Charles Holloman, met with Tyler's counsel at the scheduling conference.  The parties and their counsel submitted the Proposed Scheduling Order resulting from that conference.  *See* Docket No. 14.  Neither Mr. Slider nor counsel indicated that VIP did not own or control the '031 Patent, although this Court directed the parties to discuss "matters relevant to the status or disposition of this case."

On February 22, 2007, after the Court's deadline, VIP served its Rule 26(a)(1) Initial Disclosures.  *See* Exhibit A.  In those Disclosures, VIP listed its three Directors/Officers as the only persons with relevant knowledge.  *Id.*  According to records filed with the Florida Secretary of State, these three are the only Directors/Officers of VIP.  *See* Exhibit B.  Two of the listed Directors/Officer are Robert Slider and Michele Robinson – the named inventors of the '031 Patent.  *Id.*  In its disclosures, VIP did not indicate that Michele Robinson's or Robert Slider's knowledge or connection to this case was related to any ownership in the '031 Patent.

---

[1]  A copy of VIP's letter is located as Exhibit A to Tyler's Original Complaint and has been admitted to be a true and correct copy by VIP.  *See* Docket No. 12, ¶ 7 (admitting the allegations in paragraph 7 of Tyler's Complaint).

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND
ITS COMPLAINT AND TO ADD PARTIES—Page 2 of 8**

VIP never filed nor served a Certificate of Interested Parties, as required by Local Rule 7.4, to identify any third persons who are financially interested in the outcome of the case. That failure to identify financially interested persons implies that no such persons exist.

On May 3, 2007, Tyler received a surprising letter from Ms. Robinson and Mr. Slider claiming to be the "holders" of the '031 Patent and, it would seem, attempting to create grounds to avoid a declaratory judgment action against them. *See* Exhibit C. It is clear from this letter that Ms. Robinson and Mr. Slider were involved in the instant litigation on behalf of VIP and, by virtue of their own misrepresentations regarding patent ownership, hoped to avoid further litigation.

On May 15, 2007, VIP served discovery responses on Tyler. *See* Exhibit D. In those responses, VIP claims for the first time that VIP does not own the '031 Patent. *Id.* But, also on May 15th, VIP served a select set of documents on Tyler, including draft agreements in which VIP acts as the sole licensor of the '031 Patent. *See* Exhibit E. These documents support a conclusion that VIP controls the '031 Patent.

Also on May 15th, VIP filed a "Confession of Partial Judgment." *See* Docket No. 21. In that document, while VIP now claims to be a "non-owner" of the '031 Patent, it agrees to all relief sought by Tyler save for an award of Tyler's fees and costs. *Id.*

While Tyler intends to conduct discovery investigating VIP's about-face regarding ownership of the '031 Patent, Tyler now seeks leave to amend its Complaint seeking clarification on the issue of ownership and, in the alternative, a declaration against Ms. Robinson and Mr. Slider that Tyler does not infringe the '031 Patent and that Tyler's actions do not subject Tyler to liability under any state law causes of action. Tyler also seeks leave to amend to hold Mr. Slider and Ms. Robinson liable for the acts of VIP.

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND**
**ITS COMPLAINT AND TO ADD PARTIES—Page 3 of 8**

## ARGUMENT

Because the Court's deadlines to amend pleadings and to add parties have expired, Tyler recognizes it must demonstrate "good cause" to amend its Complaint. *See* FED. R. CIV. P. 16(b); *S & W Enters., L.L.C.,* 315 F.3d at 535; *Posey v. Southwestern Bell Tel., L.P.*, No. Civ.A. 3:04-CV-1685, 2005 WL 1902783, at *2 (N.D. Tex., Aug. 9, 2005) (mem. op.).

In assessing whether Tyler has established good cause, the Court's analysis is guided by the following factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S & W Enters.,* 315 F.3d at 536; *Posey,* 2005 WL 1902783 at *2. Each of these factors weighs heavily, if not completely, in Tyler's favor.

### A.    VIP's Misrepresentations Caused This Delay.

For the seven months this case has been pending, Tyler has reasonably relied on VIP's judicial admission that it is the owner of the '031 Patent, as well as similar claims by VIP in its September 2006 letter and the continued representations of VIP and its counsel. Rather than being a massive corporate enterprise, VIP appears to be a closely-held corporation that Mr. Slider and Ms. Robinson have run since at least 1999. This is not an instance where one hand does not know what the other is doing, as can occur within large organizations. Rather, Mr. Slider and Ms. Robinson have actively participated in VIP's defense of this suit. If, in fact, these individuals are the true owners of the '031 Patent, they (as the persons controlling VIP and the defense of this litigation) were obligated to raise the issue well before now, and they certainly had many opportunities to do so.

Prior to the events of May 3rd and May 15th, VIP caused Tyler to believe that VIP was the only necessary party to this case. Tyler was diligent in seeking discovery in this case and

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND**
**ITS COMPLAINT AND TO ADD PARTIES—Page 4 of 8**

upon learning of the need to add two additional parties, quickly filed this motion. This alone suffices for good cause to allow Tyler leave to amend and to add the two individual VIP board members. *See Hinds v. Orix Capital Mkts., LLC,* Civ. A. No. 3:02-cv-0239-P, 2003 WL 21350210 (N.D. Tex. June 10, 2003) (holding the plaintiff established good cause under Rule 16 to modify the scheduling order when plaintiff did not learn of the need to amend until deposition occurring after the deadline to amend).

### B.     Mr. Slider and Ms. Robinson Claim To Be Necessary Parties.

As this Court is aware, Tyler seeks a declaration that its actions do not infringe any valid claim of the '031 Patent. If, in fact, VIP does not control the '031 Patent – either as licensee or assignee – the patent holder should be added. *See Textile Prods., Inc. v. Mead Corp.,* 134 F.3d 1481, 1484 (Fed. Cir. 1998) ("A licensee is not entitled to bring suit in its own name as a patentee, unless the licensee holds 'all substantial rights' under the patent.") (quoting *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.,* 944 F.2d 870, 875 (Fed. Cir. 1991)); *Sicom Systems, Ltd. v. Agilent Technologies, Inc,* 427 F.3d 971, 980 (Fed. Cir. 2005) ( "'[T]he patent holder or assignee is a necessary party to an infringement action in order to achieve consistency of interpretation and to avoid multiplicity of litigation. Under federal law, the patentee is the real party in interest in such litigation.'" (quoting Calgon Corp. v. Nalco Chem. Co., 726 F. Supp. 983, 985 (D. Del. 1989))).

While Tyler doubts whether Mr. Slider and Ms. Robinson own or control the '031 Patent, their company (VIP) and their attorney (Mr. Holloman) now contend that they are necessary parties. Accordingly, Tyler's proposed amended Complaint is important and is another factor weighing in favor of granting Tyler leave to amend.

### C.     VIP and its Two Directors Will Not Be Prejudiced By the Proposed Amendment.

VIP will suffer no prejudice by Tyler's proposed amended Complaint.  VIP claims it is not the owner of the '031 Patent and filed a "Confession of Partial Judgment" agreeing to most of the declaratory relief Tyler seeks.   VIP's further participation in this suit following amendment is the direct result of actions by VIP's representatives – Mr. Slider and Ms. Robinson.   For example, Mr. Slider traveled from Florida to Dallas and participated in the November scheduling conference in this matter.  Further, notwithstanding the certainty that Mr. Slider and Ms. Robinson were informed of Tyler's allegations by virtue of their positions with VIP, it bears noting that Mr. Slider and Ms. Robinson's individual counsel, Mr. Holloman, also represents VIP in this matter.

Mr. Slider and Ms. Robinson either (a) allowed VIP to knowingly misrepresent ownership in the '031 Patent, or (b) genuinely believed VIP owned the '031 Patent and conducted the defense of this lawsuit accordingly.   In either event, VIP, Mr. Slider, and Ms. Robinson cannot claim to be prejudiced by their own intentional or negligent conduct in failing to disclose the proper owner of the '031 Patent.  *See Dysart v. Selvaggi*, 159 F. Supp. 2d 387, 388 (N.D. Tex. 2001) (permitting amendment of defendant's answer because plaintiff was on notice of the proposed affirmative defenses before the close of discovery).

**D.     Few Deadlines Will Need To Be Continued.**

Mr. Slider and Ms. Robinson, as a majority of the board of VIP, have sat back for seven months and represented through VIP that VIP was the owner of the '031 Patent.  Now, because they have chosen to change course on the issue of ownership – apparently in hopes of ending this litigation – they must be added to this case.  Other than the issue of ownership, nothing in this case has changed; the issues of non-infringement and invalidity remain the central focus regardless of whether VIP or its board members are the patent owner(s).  Some deadlines will

need to be adjusted, such as Tyler's expert disclosures deadline, because VIP refuses to identify the allegedly infringing products or the specific claims of the '031 Patent allegedly infringed. It is unclear whether Mr. Slider or Ms. Robinson will seek extensions to the current deadlines.

Tyler intends to request a status conference with the Court to discuss scheduling in light of the issues raised in this Motion and by Miscellaneous Order No. 62.[2]

### E.      Conclusion

Because the factors for modifying the deadlines to amend pleadings and to add parties weigh completely in favor of Tyler, this Court should grant this motion and allow Tyler to file its First Amended Complaint attached hereto as Exhibit F.

Respectfully submitted,

HUGHES & LUCE, LLP


/s/ John W. Patton
John W. Patton
Texas Bar No. 00798422
Megan K. Dredla
Texas Bar No. 24050530
1717 Main Street, Suite 2800
Dallas, Texas 75201
(214) 939-5500  (Office)
(214) 939-6100  (Fax)
pattonj@hughesluce.com
megan.dredla@hughesluce.com

**ATTORNEYS FOR PLAINTIFF TYLER
TECHNOLOGIES, INC.**

---

[2] Tyler has attempted to comply with Miscellaneous Order No. 62. Prior to May 1, counsel for Tyler informed opposing counsel of the need to confer as required by Miscellaneous Order No. 62. On May 8, Counsel for Tyler sent opposing counsel a copy of Miscellaneous Order No. 62 as a courtesy. Subsequent efforts to confer with opposing counsel telephonically have been unsuccessful.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of May, 2007, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented to accept this notice as service of this document by electronic means:

Manuel P. Montez, Esq.
Montez & Patterson
851 Culebra
San Antonio, Texas 78201
Email: montezpatterson@sbcglobal.net

/s/ Megan K. Dredla
Megan K. Dredla

## CERTIFICATE OF CONFERENCE

Counsel for movant and counsel for respondent have personally conducted conferences at which there were substantive discussions of every item presented to the Court in this motion. Mr. Charles Holloman, Florida counsel for Virtual Impact Productions, Inc., stated that he was unopposed to the Court granting Tyler Technologies, Inc. leave to amend to add Mr. Slider and Ms. Robinson, but opposed any additional relief. Mr. Manuel Montez, Texas counsel for Virtual Impact Productions, Inc., stated that he did not have a position on this motion.

Certified to the 21st day of May, 2007.

/s/ John W. Patton
John W. Patton

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND
ITS COMPLAINT AND TO ADD PARTIES—Page 8 of 8**