# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYLER TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:CV-06-1693-P |
| | § | ECF |
| VIRTUAL IMPACT PRODUCTIONS, INC., | § | |
| | § | |
| Defendant. | § | |

## AGREED FINAL JUDGMENT

The parties have advised the Court that they have resolved the matters between them and agreed to the entry of this Final Judgment as indicated by the signatures of their respective counsel below. The Court finds that this Agreed Final Judgment should be entered, with the findings included below.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1.  This Court has jurisdiction over the parties and over the subject matter of this action under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 1367. The parties have advised the Court of their agreement to settle this matter pursuant to the Settlement Agreement attached as Exhibit 1 and this Agreed Final Judgment.

2.  Virtual Impact Productions has admitted and, the Court hereby finds, that no product, good, service, or component sold, made, offered for sale, imported, or used by Tyler Technologies, Inc. infringes U.S. Patent No. 6,505,031 (the Patent, as defined in the attached Exhibit 1, which is incorporated herein by reference).

3.  The Court hereby ORDERS that Virtual Impact Productions, Inc., its officers, agents, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, are hereby prohibited from bringing suit against Tyler Technologies, Inc., its officers, agents, or employees, for infringement of the Patent.

4.  The Court hereby ORDERS that Tyler Technologies, Inc., its officers, agents, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, are hereby prohibited from bringing suit against Virtual Impact Productions, Inc., its officers, agents, or employees, to contest the validity of the Patent unless Tyler Technologies, Inc., or any affiliated person or entity, is accused of infringing the Patent.

5.  Each party shall bear its own costs and attorneys' fees.

6.  All relief not herein granted to a party is hereby DENIED. Notwithstanding the foregoing, this Court shall retain jurisdiction of this case as may be necessary to enforce this Agreed Final Judgment.

Entered this ___ day of _____, 2007.

_____
U.S. District Judge

AGREED AND STIPULATED TO:

Respectfully submitted,

HUGHES & LUCE, LLP

_____
John W. Patton
Megan K. Dredla
1717 Main Street, Suite 2800
Dallas, Texas 75201
(214) 939-5500  (Office)
(214) 939-6100  (Fax)

ATTORNEYS FOR PLAINTIFF TYLER
TECHNOLOGIES, INC.

MONTEZ & PATTERSON

_____
Manuel P. Montez
851 Culebra
San Antonio, TX  78201
210.736.1680
210.736.1689 – Fax

ATTORNEYS FOR DEFENDANT VIRTUAL
IMPACT PRODUCTIONS, INC.

015789.00013:1035823.01

# Exhibit 1

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** is entered into by Tyler Technologies, Inc., a Delaware corporation, Virtual Impact Productions, Inc., a Florida corporation, Robert Slider, individually ("Slider"), and Michele L. Robinson, individually ("Robinson").

**WHEREAS**, VIP, Slider, and Robinson asserted numerous allegations against Tyler relating to U.S. Patent No. 6,505,031;

**WHEREAS**, Tyler filed suit in the United States District Court for the Northern District of Texas, Dallas Division, Civil Action No. 3:06-CV-01693, denying the allegations raised by VIP, Slider, and Robinson; and

**WHEREAS**, each of the parties to this Agreement has made their own respective determination that it is in their best interest to settle all disputes and controversies among and between them as set forth in this Agreement.

**NOW THEREFORE**, in consideration of the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which is admitted, the signatories to this Agreement agree as follows:

1. The following terms used in this Agreement are defined as follows. Other terms are defined elsewhere in this Agreement.

"Agreement" means this Settlement Agreement.

"Tyler" means Tyler Technologies, Inc., its related companies, affiliates, predecessors, divisions and subsidiaries, and its officers and directors.

"VIP" means Virtual Impact Productions, Inc., its related companies, affiliates, predecessors, divisions and subsidiaries, and its officers and directors.

The "Lawsuit" means Civil Action No. 3:06-CV-01693, <u>Tyler Technologies, Inc. v. Virtual Impact Productions, Inc.</u> currently pending in the United States District Court for the Northern District of Texas, Dallas Division.

The "Patent" means U.S. Patent No. 6,505,031 titled "System and method for providing a virtual school environment" and any related patents resulting from any continuation, divisional, continuation-in-part, reissue, reexamination and/or foreign patent applications relating to the Patent.

2. This Agreement shall be effective (the "Effective Date") as of May 30, 2007.

3. Within three (3) business days of the Effective Date, Tyler and VIP will execute, file, and cause to be entered in the Lawsuit an Agreed Final Judgment in the form attached as <u>Exhibit A</u>.

1

015789.00013:1029941.01

4. Effective as of the Effective Date, VIP, Robinson, individually, and Slider, individually, (for themselves and their respective heirs, estates, executors, administrators, predecessors, successors, assigns, shareholders, directors, officers, employees, agents, representatives, spouses, attorneys, subsidiaries, related corporations, partners, related partnerships, and other related entities) (collectively the "VIP Releasing Parties") do hereby unconditionally, fully and completely release, acquit and forever discharge, Tyler and each of its respective predecessors, successors, assigns, shareholders, directors, officers, employees, agents, representatives, attorneys, distributors, dealers, customers, end users, subsidiaries, related corporations, partners, related partnerships, and other related entities, (collectively the "Defendant Released Parties") from any and all claims, demands, actions, causes of action, suits, debts, compensation, bonus, commissions, accounts, notes, covenants, contracts, agreements, promises, liabilities, damages, losses, costs and expenses whatsoever (collectively "Claims"), known or unknown, accrued or unaccrued, in law or in equity relating to any matter whatsoever that has occurred or has failed to occur as of the Effective Date, including but not limited to any Claims in any way related to: a) the Patent; b) Tyler's software products, including Tyler Education Management Solutions; c) the Lawsuit, the claims, defenses and allegations made or that could have been made in the Lawsuit, and the facts and circumstances involved in the Lawsuit; and d) any claim that this Agreement was induced by any fraudulent or negligent act or omission or results in or from any actual or constructive fraud, negligent misrepresentation, conspiracy, breach of fiduciary duty, breach of confidential relationship, or a breach of any other duty under law or in equity; <u>notwithstanding the foregoing or anything else in this Agreement, none of the VIP Releasing Parties release any rights created by this Agreement</u>. THIS PARAGRAPH 4 IS INTENDED TO BE A GENERAL RELEASE OF ALL CLAIMS, SO, TO THE EXTENT THAT THE VIP RELEASING PARTIES STILL POSSESS ANY VIABLE CLAIMS OR CAUSES OF ACTION AGAINST THE DEFENDANT RELEASED PARTIES, EXCEPT RIGHTS CREATED BY THIS AGREEMENT, THE VIP RELEASING PARTIES HEREBY ASSIGN TO TYLER ALL CLAIMS THEY HAVE OF ANY KIND AGAINST THE DEFENDANT RELEASED PARTIES.

5. Effective as of the Effective Date, Tyler (for itself and its respective predecessors, successors, assigns, shareholders, directors, officers, employees, agents, representatives, spouses, attorneys, subsidiaries, related corporations, partners, related partnerships, and other related entities) (collectively the "Defendant Releasing Parties") do hereby unconditionally, fully and completely release, acquit and forever discharge VIP, Slider, individually, and Robinson, individually, and each of their respective heirs, estates, executors, administrators, predecessors, successors, assigns, shareholders, directors, officers, employees, agents, representatives, attorneys, subsidiaries, related corporations, partners, related partnerships, and other related entities (collectively the "VIP Released Parties"), from any and all Claims, known or unknown, accrued or unaccrued, in law or in equity relating to any matter whatsoever that has occurred or has failed to occur as of the Effective Date, including but not limited to any Claims in any way related to a) the Patent; b) Tyler's software products, including Tyler Education Management Solutions; c) the Lawsuit, the claims, defenses and allegations made or that

015789.00013:1029941.01

could have been made in the Lawsuit, and the facts and circumstances involved in the Lawsuit; and d) any claim that this Agreement was induced by any fraudulent or negligent act or omission or results in or from any actual or constructive fraud, negligent misrepresentation, conspiracy, breach of fiduciary duty, breach of confidential relationship, or a breach of any other duty under law or in equity; <u>notwithstanding the foregoing or anything else in this Agreement, none of the Defendant Releasing Parties release any rights created by this Agreement</u>. THIS PARAGRAPH 5 IS INTENDED TO BE A GENERAL RELEASE OF ALL CLAIMS, SO, TO THE EXTENT THAT THE DEFENDANT RELEASING PARTIES STILL POSSESS ANY VIABLE CLAIMS OR CAUSES OF ACTION AGAINST THE VIP RELEASED PARTIES, EXCEPT RIGHTS CREATED BY THIS AGREEMENT, THE DEFENDANT RELEASING PARTIES HEREBY ASSIGN TO VIP ALL CLAIMS THEY HAVE OF ANY KIND AGAINST THE VIP RELEASED PARTIES.

6. VIP, Slider, and Robinson hereby grant Tyler and the Defendant Released Parties (including but not limited to Tyler's distributors, dealers, customers and end users) a royalty-free, perpetual, worldwide, transferable, non-exclusive license under the Patent, without requirement of paying additional consideration, to make, have made, use, sell, offer for sale, import and/or distribute any product, service, system or component that, alone or in conjunction with any other product, service, system or component, otherwise would infringe (directly, indirectly, or otherwise) one or more claims of the Patent. This license shall be binding upon any and all of VIP, Slider, Robinson, and each of their respective assignees, successors in interest, and licensees under the Patent.

7. Tyler covenants never to sue or threaten to sue VIP, Slider, or Robinson with respect to any of the claims released or assigned by this Agreement. VIP, Slider, and Robinson covenant never to sue or threaten to sue Tyler, or any of the Defendant Released Parties (including but not limited to Tyler distributors, dealers, customers and end users) for past, present and/or future infringement (direct, indirect, or otherwise) of the Patent, including but not limited to infringement by any Tyler product, service, or any systems, products or components of Tyler products.

8. Each of the parties to this Agreement hereby represents and warrants to each of the other parties as follows:

a) the person executing this Agreement on behalf of such party has full power and authority to enter into this Agreement and to perform all of that party's obligations as herein set forth or contemplated, and, in the case of a corporate or partnership party, the undersigned corporate officer or partnership representative has been duly authorized by all necessary corporate or partnership actions to deliver this Agreement on behalf of such corporation or partnership;

b) the execution of this Agreement, and the performance of the obligations set forth herein, do not and will not constitute a default (or with the giving of notice or passage of time will not constitute a default) under any document or agreement by which such party is bound;

015789.00013:1029941.01

c) prior to the execution of this Agreement by each such party, such party has fully informed themselves as to the terms, contents, provisions and effects of this Agreement, and all facts and conditions sufficient and necessary to the decision to execute this Agreement;

d) prior to the execution of this Agreement by each such party, such party has had the benefit of the advice of an attorney or attorneys chosen and employed by that party concerning this Agreement;

e) no promise or representation of any kind has been made to that party or his representative by any other party or his representative except as expressly set forth in this Agreement;

f) such party is not relying on any oral understandings, oral representations, or oral agreements of any kind or on any other matter not expressly stated in this Agreement and any such reliance would be unintended by the other parties and otherwise unreasonable and unjustifiable;

g) this Agreement shall remain in all respects effective and not subject to termination, modification or rescission by any difference in facts or circumstances hereafter occurring, becoming known or becoming known differently; and

h) this Agreement constitutes a valid, binding, and enforceable obligation of that party, its terms are lawful and fair, and it constitutes an equitable settlement of their differences.

9. Each party further declares and represents that this Agreement contains and constitutes the entire agreement between the parties with respect to the subject matter hereof and terminates, supersedes, and replaces any and all prior arrangements, understandings, representations, promises, inducements, or other communications, whether written or oral between the parties. Each party declares and represents that no oral understandings, statements, promises, or inducements contrary to the terms of this Agreement exist. This Agreement can only be amended in writing signed by all of the parties hereto.

10. Each party declares and represents that such person is the sole owner and holder of the claims they are releasing by this Agreement and no such claims have been assigned or otherwise transferred, in whole or in part, to any other person or entity. VIP, Slider, and Robinson warrant and represent that they are the owners of all right, title and interest in the Patent. Each party warrants and represents that it has the right to manage, dispose of, settle, release, and do any and all other acts necessary for the settlement of the Lawsuit. Each party (an "Indemnifying Party") agrees to and does hereby indemnify and hold harmless the other party (the "Indemnified Party") from any losses, costs, damages, and demands, including attorneys' fees, resulting from any claim made by or through an Indemnifying Party or its assignees with respect to any claim released or assigned by the Indemnifying Party by this Agreement.

015789.00013:1029941.01

11. No delay or omission by the party to exercise any right in connection herewith shall impair such right or be construed to be a waiver thereof, and no waiver of any right or the breach of any provision hereof shall be construed to be a waiver of any other right or provision or any subsequent breach of such provision.

12. Each party acknowledges and agrees that this Agreement is being executed, and the consideration hereunder being given by each party, in full compromise and settlement of disputed claims between the parties and to avoid further trouble, litigation, and expense and that the fact of this Agreement shall not be taken in any way as an admission of fact or liability by any party.

13. The parties agree that each will pay their own respective court costs and attorneys' fees in connection with the Lawsuit.

14. **THIS SETTLEMENT AGREEMENT, ANY DISPUTES WHICH MAY ARISE IN CONNECTION WITH THE INTERPRETATION OR ENFORCEMENT OF THE SETTLEMENT AGREEMENT, AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES GENERALLY SHALL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS AND WITHOUT REGARD OR REFERENCE TO CHOICE OR CONFLICT OF LAW RULES.**

15. In all instances in which a party to this Agreement is required under this Agreement to do any act at a particular time or within a particular period of time, time is of the essence in the performance of such act.

16. Each party represents that such party has substantial experience in negotiating contracts, that this Agreement is the product of negotiations among the parties, and that, therefore, no party to this Agreement shall be charged with having promulgated this Agreement. Each party hereto has been advised that each party should have this Agreement reviewed by that party's attorney prior to executing same.

17. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original for all purposes, and all of which together shall constitute one instrument.

18. The parties agree that this settlement agreement is not subject to revocation.

19. The parties agree that any controversy or claim arising out of or relating to the Lawsuit, the Patent, or the Claims, or arising out of or relating to this Agreement or the breach of this Agreement, shall be resolved by final arbitration administered by the American Arbitration Association. The arbitration will be conducted in Dallas, Texas by three (3) arbitrators selected in accordance with the Commercial Arbitration Rules of the American Arbitration Association. The Commercial Arbitration Rules of the American Arbitration Association rules shall also govern the arbitration proceeding, and the judgment on the award rendered by the arbitrators may be entered in any court having

5

jurisdiction thereof. Any legal action arising out of or relating to the Agreement, the Lawsuit, the Patent, or the Claims, including but not limited to any challenge to this arbitration provision or the arbitration award, must be brought in Dallas, Texas, and the parties agree that Dallas, Texas will be the exclusive venue for any such legal action.

VIRTUAL IMPACT PRODUCTIONS, INC

BY: Stefanie Robinson

TITLE: V.P.

ROBERT SLIDER,
INIVIDUALLY

MICHELLE ROBINSON,

INDIVIDUALLY

TYLER TECHNOLOGIES, INC.

BY: _____

TITLE: Vice President + General Counsel

**REMAINDER OF PAGE INTENTIONALLY BLANK**

6

APPROVED AS TO FORM:

ATTORNEY FOR VIRTUAL IMPACT PRODUCTIONS, INC.

Charles R. Holloman, Jr.
3610 S.E. Fort King Street
Ocala, FL 34470
352.867.0766
352.351.9217 – Fax

ATTORNEY FOR VIRTUAL IMPACT PRODUCTIONS, INC.,
ROBERT SLIDER, AND MICHELLE L. ROBINSON

John W. Patton
Hughes & Luce, LLP
1717 Main Street, Suite 2800
Dallas, TX 75201
214.939.5500
214.939.5849 – Fax

ATTORNEYS FOR TYLER TECHNOLOGIES, INC.

7

015789.00013:1029941.01